UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY RANDALL and JERRY RANDALL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>EVAMOR, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:09CV01756 ERW<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Expedite Discovery on the Limited Issue of Citizenship of Putative Class Members [doc. #8]. The Court heard arguments from the parties on this Motion on November 30, 2009.

Plaintiffs Tammy Randall and Jerry Randall ("Plaintiffs") originally filed this action in Missouri state court, asserting claims against Defendant Evamor, Inc. ("Defendant") for violations of the Missouri Merchandising Practices Act. The putative class is comprised of persons purchasing memberships from Defendant's Missouri franchisees from September 1, 2004 to the present. Defendant, a Missouri corporation, removed the action to this Court under 28 U.S.C. § 1332(d)(2)(A), based on a showing that there is minimal diversity between Defendant and the proposed class members.

Plaintiffs seek expedited discovery in order to support an eventual motion to remand, pursuant to the Class Action Fairness Act's "home state" exception to federal jurisdiction over certain class actions. The "home state" exception provides that district courts shall not exercise jurisdiction over class actions in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the

action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The party seeking remand based on this jurisdictional exception bears the burden of demonstrating that it applies. *See Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1107 (D. Minn. 2009) (internal citations omitted).

The Court concludes that Plaintiffs are entitled to expedited discovery on class member citizenship in order to ascertain whether this exception applies. It is undisputed that this class action was originally filed in Missouri and that Defendant is a Missouri citizen. Federal jurisdiction over Plaintiffs' class action therefore turns on the citizenship of the putative class members, and Plaintiffs' only means of determining citizenship, for purposes of supporting a motion to remand, is by obtaining discovery of Defendant's Missouri customer lists for the relevant time period.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Expedite Discovery on the Limited Issue of Citizenship of Putative Class Members [doc. #8] is **GRANTED**. Plaintiffs shall serve on Defendant the single interrogatory attached to their Motion as Exhibit A, and Defendant shall have thirty (30) days from the date of service to respond.

Dated this 1st Day of December, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE