UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMMY RANDALL and JERRY RANDALL, individually and on behalf of a class of persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EVAMOR, INC., d/b/a DIRECTBUY, <br><br> Defendant. | Case No. 4:09CV01756 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Remand [doc. #39].

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In 2008, Plaintiffs Tammy Randall and Jerry Randall ("Plaintiffs") filed a class action petition in the Circuit Court of St. Louis County against DirectBuy, Inc., the franchisor of the DirectBuy network of membership-based buying clubs; United Consumers Club, Inc., DirectBuy, Inc.'s parent company; and four Missouri DirectBuy franchisees, alleging violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010-407.1020. In February of 2009, the defendants removed that suit to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and following unsuccessful mediation, the court granted Plaintiffs' request to voluntarily dismiss the suit without prejudice.

Shortly thereafter, Plaintiffs filed the present class action, again in the Circuit Court of St. Louis County and again alleging violations of the MMPA, but only against Defendant Evamor, Inc. ("Defendant"), a Missouri corporation and the DirectBuy franchisee from which Plaintiffs

purchased their DirectBuy membership. Defendant then removed the case to this Court on October 22, 2009 pursuant to CAFA, based on a showing that several putative class members are not Missouri citizens. In its Memorandum and Order dated December 1, 2009 [doc. #22], the Court granted Plaintiffs limited discovery for the purpose of establishing the citizenship of the proposed class, consisting of all persons who purchased a membership at Defendant's DirectBuy center within the applicable statute of limitations for MMPA claims. Discovery of Defendant's records revealed that Defendant had a total of 5,522 members in the relevant time period, and that for 5,240 of those members – or approximately 95% of the total – the last-known address on file is located in Missouri. Defendant was unable to provide an address for 184 former customers who have since transferred their memberships to other DirectBuy franchises, and the above calculation assumes that none of those individuals is currently a Missouri resident.

## II. DISCUSSION

Plaintiffs contend that the Court must decline to exercise jurisdiction over this class action pursuant to CAFA's "home state exception," 28 U.S.C. § 1332(d)(4)(B), in that Defendant and more than two-thirds of the proposed class are Missouri citizens. Defendant argues that the home state exception does not apply (1) because Plaintiffs have failed to meet their burden of demonstrating Missouri citizenship for putative class members; and (2) because the true defendant in this action is Defendant's franchisor, which is not a Missouri citizen for diversity purposes.

Federal jurisdiction over a class action exists under CAFA where potential damages exceed $5,000,000 and "any member of a class of plaintiffs is a citizen of a different State from any defendant." 28 U.S.C. § 1332(d)(2). Pursuant to § 1332(d)(4)(B), however – the home state exception – district courts may not exercise jurisdiction over class actions in which "two-thirds or

more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Although the Eighth Circuit has not yet spoken on the issue, district courts within this circuit, following other courts of appeals, have largely concluded that the party asserting a CAFA jurisdictional exception bears the burden of demonstrating that it applies. *See Green v. SuperShuttle Int'l, Inc.*, 2010 WL 419964, at *2 (D. Minn. 2010) (listing cases); *see also Tonnies v. Southland Imports, Inc.*, 2009 WL 3172565, at *3 n.2 (E.D. Mo. 2009).

### A. Citizenship of Putative Class Members

Plaintiffs' evidence that at least 95% of potential class members have last-known addresses in Missouri creates a rebuttable presumption that those individuals are Missouri citizens for purposes of the home state exception. *See, e.g.*, *Tonnies*, 2009 WL 3172565, at *3-*4 (last-known addresses, as evidence of state of residence, establish presumption of same state of citizenship); *Clover v. Sunset Auto Co.*, 2009 WL 2757050, at *3 (E.D. Mo. 2009) (same); *Redd v. Suntrup Hyundai, Inc.*, 2009 WL 2568054, at *3-*4 (E.D. Mo. 2009) (same); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."). In each of the cited district court cases, the court agreed that the plaintiffs' evidence of residence was sufficient to establish that more than two-thirds of the class consisted of Missouri citizens, based on percentages of Missouri addresses among potential class members of 84%, 92%, and 73%, respectively. *Tonnies*, 2009 WL 3172565, at *3-*4; *Clover*, 2009 WL 2757050, at *4; *Redd*, 2009 WL 2568054, at *4.

3

In response to this showing, Defendant has not attempted to demonstrate that even one of the presumed Missouri citizens is not in fact a resident of the state; instead, it argues only that Plaintiffs have failed to meet their burden because residency is not equivalent to citizenship. That may well be true, but it does not mean that district courts cannot conclude that evidence of a putative class member's last-known residence is the best reasonably available means of ascertaining his presumptive state of citizenship, and Defendant has not meaningfully distinguished any of the cases that have reached that conclusion. Furthermore, it is worth noting that Defendant, in stating its case for removal based on minimal diversity, referred to its records of last-known customer addresses in arguing that "[a]ddresses indicating out-of-state residency present a rebuttable presumption of out-of-state citizenship." Def.'s Notice of Removal [doc. #1], ¶ 16 (quoting *Larsen v. Pioneer Hi-Bred Int'l, Inc.*, 2007 WL 3341698, at *4 (S.D. Iowa 2007). Defendant offers no principled rationale as to why that presumption should apply when establishing minimal diversity but not for purposes of the home state exception. Defendant also emphasizes CAFA's general purpose of providing access to federal courts to corporate class action defendants doing nationwide business, but this argument ignores that the home state exception inquiry is "framed entirely in terms of the parties' citizenship," and it is therefore irrelevant for purposes of this provision whether the plaintiffs' claims are part of a larger national controversy. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (citing *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75 (1st Cir. 2009).

The Court therefore concludes that Plaintiffs have satisfied the home state exception's requirement that two-thirds of the proposed class are citizens of the state in which the action was brought – in this case, Missouri. Discovery of Defendant's records revealed last-known Missouri

addresses for at least 95% of potential class members, which the Court finds is more than sufficient to demonstrate that more than two-thirds of the proposed class consists of Missouri citizens.

### B. Citizenship of Primary Defendant

Plaintiffs assert that the remaining requirement of the home state exception is easily satisfied because Defendant is a Missouri corporation and is the only defendant in this case. Defendant, however, contends that the true defendant to Plaintiffs' claims is its franchisor, DirectBuy, Inc., an Indiana corporation with its principal place of business in Indiana, and that the home state exception therefore should not apply.

As noted above, the home state exception requires that the primary defendant is a citizen of the state in which the plaintiff filed the class action, 28 U.S.C. § 1332(d)(4)(B), and for purposes of this provision – and indeed, for purposes of diversity jurisdiction generally – a corporation is a citizen of the state of its incorporation and also of the state in which it has its principal place of business. § 1332(c)(1). It is undisputed that Defendant Evamor, Inc. is the only defendant in this case, and that it is a Missouri corporation. As such, this element of the home state exception is satisfied, unless Defendant can convince the Court to disregard the plain language of § 1332(d)(4)(B) and conclude that the primary defendant is a third party which was not named as a defendant in this lawsuit.

Defendant first argues, citing CAFA's legislative history, that DirectBuy, Inc. is the primary defendant because its conduct, and not Defendant's, is the "primary focus of the plaintiffs' claims." *See* S. Rep. 109-14, at 40 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 38 ("[T]here must be at least one real local defendant. By that, the Committee intends that the local

defendant must be a primary focus of the plaintiffs' claim – not just a peripheral defendant."). Defendant acknowledges that the cited portion of the Report concerns CAFA's "local controversy exception," 28 U.S.C. § 1332(d)(4)(A), but nevertheless argues that the Committee's reasoning is equally applicable to the home state exception. Even assuming that to be true, Defendant did not quote the next sentence, which goes on to explain that a primary defendant is one "from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as [one] whose alleged conduct forms a significant basis for the claims asserted by the class." *See id.* One could hardly conclude that DirectBuy, Inc., from which Plaintiffs seek no relief whatsoever, is in fact the "primary focus" of Plaintiffs' claims because it is Defendant's franchisor and because it may, to some unknown extent, be responsible for the business practices at issue in this litigation. Plaintiffs seek relief solely from Defendant, and even if DirectBuy, Inc. imposed policies requiring Defendant to employ the allegedly fraudulent business practices, Plaintiffs dealt directly with Defendant, making Defendant a party "whose alleged conduct forms a significant basis" for Plaintiffs' claims.

Nevertheless, Defendant further claims that the Court should view Plaintiffs' decision not to sue DirectBuy, Inc. in the present case as "fraudulent non-joinder." This argument is also refuted by Defendant's own authorities; as Defendant explains, "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (internal quotations and citations omitted).[1] Defendant does not assert that Plaintiffs have no factual or legal basis for

---

[1] Defendant claims, again citing to CAFA's legislative history, that "Congress enacted CAFA with the specific intention of curbing plaintiffs' attempts to evade federal jurisdiction by purposely adding *or excluding* parties to alter the diversity determination." Def.'s Response in

6

asserting claims against it; instead, its argument is only that DirectBuy, Inc. is a more culpable defendant, because it is ultimately responsible for the alleged wrongdoing and may be required to satisfy any judgment Plaintiffs might obtain against Defendant. Subject to the rules governing joinder, however, plaintiffs are free to name as defendants only those parties whom they wish to sue, regardless of whether they might have valid claims against additional parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (internal citation omitted); *see also Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008) ("To be sure, the plaintiffs in this case have taken care to restrict the scope of their allegations so as to avoid federal jurisdiction under CAFA. Yet the plaintiffs, as masters of their complaint, can choose to circumscribe their class definition in this way.") (internal citations omitted). Thus, absent a colorable argument concerning a violation of joinder rules – for example, that DirectBuy, Inc. is an indispensable party under Fed. R. Civ. P. 19 – Defendant cannot demonstrate that there is anything fraudulent or otherwise improper about Plaintiffs' decision not to name DirectBuy, Inc. as a defendant in this suit.

---

Opposition to Motion to Remand [doc. #55], at 10 (emphasis in original) (citing S. Rep. 109-14, at 26-27 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 26-27.). Defendant mis-characterizes the substance of that Report, as the cited text only expresses concern about situations in which class action plaintiffs defeated diversity by excising plaintiffs with claims in excess of $75,000 or by adding a local dealer or supplier as a defendant; there is no suggestion in the Report that Congress was concerned about plaintiffs avoiding federal jurisdiction by choosing not to sue parties against whom they had valid claims. *See id.*; *cf. In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) ("We also reject Sprint Nextel's insinuation that federal jurisdiction is proper, regardless of the rules set forth in CAFA, because, it says, CAFA was enacted to ensure that national controversies . . . are decided in federal courts. That may have been Congress's general goal, but it also provided for exceptions, and plaintiffs are free to 'circumscribe their class definitions' so that they can fit within one of those exceptions and avoid federal jurisdiction.") (internal citations omitted).

As such, the Court concludes that Defendant, a Missouri corporation and the only defendant in this suit, is the primary defendant under § 1332(d)(4)(B), and that the second requirement of the home state exception has been met.

### C. Conclusion

The Court may not exercise subject matter jurisdiction over this case because the elements of CAFA's home state exception, § 1332(d)(4)(B) – requiring remand where at least two-thirds of the proposed class and the primary defendant are citizens of the state in which the action was filed – are satisfied. Discovery revealed that at least 95% of potential class members are presumptively citizens of Missouri, far in excess of the exception's two-thirds requirement, and Defendant failed to present any evidence to rebut this presumption. The second requirement is met because Defendant is the only, and therefore the primary, defendant for CAFA purposes, and Defendant is a Missouri corporation and therefore a Missouri citizen.

## III. ATTORNEY'S FEES UNDER 28 U.S.C. § 1447(c)

Plaintiffs argue in their Motion to Remand that the Court should award them attorney's fees and costs related to the contested motion for expedited discovery, each of the contested motions for extensions of time filed by Defendant, and the present Motion, because even a cursory examination of Defendant's business records would have indicated to Defendant that it had no basis for removing this case to federal court. Defendant asserts that it made a prima facie showing of minimal diversity, and that it was not required to determine whether the home state exception applied before seeking removal.

28 U.S.C. § 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

Attorney's fees may only be awarded under this statute, however, "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). District courts retain the discretion to depart from this general rule in "unusual circumstances," but such departures must remain "faithful to the purposes of awarding fees under § 1447(c)": "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140-41.

At the outset, the Court rejects Defendant's argument that before seeking removal, it needed to do no more than determine that the minimal diversity requirement was met. For example, assume that prior to removal, Defendant had current, verified Missouri addresses for 99.9% of its customers and it was the only possible defendant to Plaintiffs' claims. Defendant would have been able to remove based on minimal diversity, but it would not have been objectively reasonable for it do so based on the almost complete certainty of subsequent remand. Removal in those circumstances would, in this Court's view, necessarily warrant an award of attorney's fees because it would be apparent that the removal was only sought in order to "prolong[] litigation and impos[e] costs on the opposing party." *See id.* at 140. Put another way, in order for the initial removal to be objectively reasonable, Defendant must show that it had plausible grounds for believing that this litigation should remain in federal court.

To support removal of this case based on minimal diversity, Defendant reviewed its records and located five customers who had provided addresses outside of Missouri upon purchasing memberships. At this point, it should have been obvious to Defendant that the

overwhelming majority of its customers had provided Missouri addresses.  Given that it also made the argument that citizenship may be ascertained from last-known addresses, Defendant should have also been aware of the likelihood that almost all of the proposed class members would be presumed to be Missouri citizens.  Furthermore, the lack of authority supporting Defendant's arguments – both with respect to the citizenship of putative class members and Defendant's status as the primary defendant – and the refutations of Defendant's positions in many of the authorities to which Defendant did cite, should have indicated to Defendant that its arguments would not be well-taken.

Nevertheless, based on the history of Plaintiffs' claims against Defendant and DirectBuy, Inc., the Court does not believe that it was *entirely* unreasonable for Defendant to argue that DirectBuy, Inc. should be viewed the primary defendant for purposes of determining whether the home state exception applies.  It is fairly clear that Plaintiffs have done everything in their power to avoid federal jurisdiction, and that it does not necessarily serve judicial economy or the general aims of CAFA for Plaintiffs to litigate their claims, based on allegedly fraudulent nationwide business practices, in Missouri state court against a single DirectBuy franchisee.   Although this is a close case, the Court concludes that it will not award attorney's fees under § 1447(c) because Defendant's removal of the case was not objectively unreasonable, but it emphasizes that Defendant's actions only narrowly rose above that low standard.

## IV. CONCLUSION

The Court concludes that remand to the Circuit Court of St. Louis County under 28 U.S.C. § 1332(d)(4)(B) is necessary because Defendant and more than two-thirds of Plaintiffs' proposed class are citizens of Missouri – the state in which Plaintiffs originally filed this suit.  The

Court declines, however, to award Plaintiffs attorney's fees in connection with the removal and subsequent remand pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand [doc. #39] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court of St. Louis County, from which it was removed.

Dated this 29th day of April, 2010.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE